**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TYLER ALFONZETTI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EXPEDITED TRAVEL, LLC.,

Defendant.

Case No. 1-26-cv-03216

**FIRST AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Tyler Alfonzetti ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Expedited Travel, LLC ("Defendant"), seeking monetary damages and other remedies.

## NATURE OF ACTION

1. This is a putative class action lawsuit on behalf of purchasers of expedited passport services offered by Defendant through its RushMyPassport brand (the "Services").

2. Defendant claims that RushMyPassport is the largest and most convenient passport service in the United States.

3. Defendant markets and sells the Services through RushMyPassport.com, FedEx, AARP, and AAA to thousands of consumers throughout the United States, including in the state of New York.

4. Defendant prominently advertises, markets, and sells the Services as "expedited" passport services that "save you time." Defendant further promises that it provides a "fast, convenient way to expedite your application." Defendant also states that its services are "not intended for routine processing" and are "best for travelers on tight timelines." These "Expedited Passport

Representations" lead the reasonable consumer to believe that they will get their passport faster through RushMyPassport than through the United States Department of State (the "Department of State").

5. In selling the Services, Defendant also represents that it charges an outbound shipping fee (the "Shipping Fee") for return shipping to consumers (the "Outbound Shipping Representation"). The Outbound Shipping Representation leads the reasonable consumer to believe that they are required to pay the outbound shipping fees for return of their passport. However, Defendant misleads consumers by assessing them shipping fees for the Services. In fact, return mailing is built into the fees assessed by the Department of State, and therefore the outbound shipping fee, and related Outbound Shipping Representation is deceptive to class members.

6. Plaintiff and Class members purchased the Services, which are marketed and sold by Defendant. Further, Plaintiff and Class members relied to their detriment on Defendant's Expedited Passport Representations, when in fact they will not get their passport any faster through RushMyPassport than through the Department of State. Plaintiff and Class members would not have purchased the Services – or would not have paid as much as they did to purchase them – had they known the Expedited Passport Representations were false. Plaintiff and Class Members thus suffered monetary damages as result of Defendant's deceptive and false representation.

7. Plaintiff and Class members also paid the Shipping Fee to Defendant. Further, Plaintiff and Class members relied to their detriment on Defendant's Outbound Shipping Representation, when in fact they have already paid the Department of State for return mailing. Plaintiff and Class members would not have paid the Shipping Fee had they known the Outbound Shipping Representation was false and that return mailing was already built into the fees paid to the Department of State. Plaintiff and Class Members thus suffered monetary damages as result of Defendant's deceptive and false Outbound Shipping representation.

8. Plaintiff brings this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Services for violations of New York General Business Law §§ 349 and 350.

## PARTIES

9. Plaintiff Tyler Alfonzetti is a citizen and resident of New York, who has an intent to remain there, and is therefore a domiciliary of New York. On July 14, 2025, Plaintiff purchased Expedited Passport Services for a 3 week passport renewal from Defendant through FedEx at fedex.rushmypassport.com. Plaintiff paid $298.85 for his Expedited Passport Services, including $29.95 for outbound shipping. Prior to his purchase of the Services, Plaintiff reviewed Defendant's marketing and advertising of the Services and saw the Expedited Passport Representations and the Outbound Shipping Representation. Based on the Expedited Passport Representation, Plaintiff believed he would receive his passport faster using RushMyPassport than through the Department of State. Based on the Outbound Shipping Representation, Plaintiff also believed the Shipping Fee was required for return mailing of his passport. Plaintiff relied on Defendant's Expedited Passport and Outbound Shipping Representations in deciding to purchase his Services and pay the Shipping Fee. Accordingly, the Expedited Passport and Outbound Shipping Representations were part of the basis of the bargain, in that he would not have purchased his Services, or paid the Shipping Fee on the same terms had he known the Expedited Passport and Outbound Shipping Representations were not true. In making his purchase, Plaintiff paid a price premium for a Service that was not in fact faster than going through the Department of State. Moreover, in paying the Shipping Fee, Plaintiff paid a fee for a service that was not provided by Defendant because return mailing was built into the fees assessed by the Department of State.

10. Defendant Expedited Travel, LLC is a Florida corporation with its principal place of business in West Palm Beach, Florida. Defendant operates the RushMyPassport brand. Defendant has maintained substantial sales in this District.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendant.

12. This Court has specific jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Services. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, omissions, and acts giving rise to claims herein occurred in this District, including Plaintiff's purchase.

## FACTUAL ALLEGATIONS

### I. Defendant's Passport Services

14. Defendant provides its passport services through RushMyPassport.com, FedEx, AAA, and AARP. It prominently promises that it will help consumers "Get [Their] U.S. Passport Fast!" and that it will "save [them] time":



15. Defendant further informs consumers that it is "the most convenient way to get an expedited passport in a hurry" and that it will "expedite the delivery of your passport":




16. Similarly, Defendant represents that RushMyPassport provides "A Fast, Easy Way To Get Your Passport":



17. Defendant offers several tiers of expedited passport services ranging from "1 Business Day" to "6 Weeks" that cost anywhere from $119 to as much as $740 before shipping and taxes are applied:

**Select Expediting Options**

**Expediting times start once documents are received.**

| | | | |
|---|---|---|---|
| **Same Day Service** | 1 Business Day | VIP Offer - 15% Off | ~~$740.00~~ $629.00 |
| **Emergency Service** | 2 - 4 Business Days | | $479.00 |
| **Priority Service** | 7 - 9 Business Days | Most Popular | $299.00 |
| **Expedited Service** | 3 Weeks | | $199.00 |
| **Smart Service** | 6 Weeks | | $119.00 |

*Government fee of $212.05 to be paid to the "U.S. Department of State" is not included.

18. Defendant also assesses two additional fees for outbound and inbound shipping in the amount of $29.95 each:

| | |
|---|---|
| Outbound Shipping (USPS Priority) | $29.95 |
| Inbound Shipping (FedEx 2Day®) | $29.95 |

Outbound shipping is for return shipping to the passport applicant via USPS Priority Mail. Inbound shipping is the fee to submit a passport application via FedEx 2Day.

19. These fees are on top of the $212.05 fee that consumers must pay to the Department of State. The $212.05 fee to the Department of State includes USPS Priority Mail for 1 to 3-day return delivery. As such, in assessing the Shipping Fee, Defendant is essentially double-billing consumers for a service already provided for in the fees paid to the Department of State.

20. The Expedited Passport Representations are consistent on all platforms through which Defendant offers the Services. For example, when offered through FedEx, Defendant promises it offers "Fast, convenient passport services," including "expedited passport services":




21. Similarly, Defendant states that it is "here to help with your expedited passport needs":




22. Likewise, Defendant emphasizes that the Services are "best for travelers on tight timelines":



## II. Defendant's Expedited Passport and Outbound Shipping Representations are False and Misleading

23. However, Defendant falsely and misleadingly represents that it provides expedited passport services that will allow consumers to get their passport faster than if sought through the Department of State.

24. Indeed, consumers can expedite their passport online or by mail directly through the Department of State. The Department of State provides four types of passport services:

a. **Life or Death Emergency**: For circumstances where travel to a foreign country is required in less than 14 days because an immediate family member has died, is dying, or has a life-threatening illness or injury;

b. **Urgent**: For circumstances where travel is in less than 2-3 weeks;

c. **Expedited**: For circumstances where travel is in less than 6 weeks; and

d. **Routine**: For circumstances where travel is in 6 weeks or more.

25. Expedited passport services purchased from the Department of State incur a one-time fee of $60 on top of the baseline passport application fee of $130. If an individual elects for standard delivery, their total cost for a passport application is $190. If an individual elects for 1-3 day delivery their total cost for a passport application is $212.05. In either case, return mailing is built into the fees assess by the Department of State for delivery. Accordingly, the Outbound Shipping Representations are false and misleading because return mailing is already paid for with an applicant's payment of the Department of State's fees.

26. Moreover, the actual passport forms are publicly available through the Department of State.

27. The Department of State warns that individuals using a company like Defendant's "will not receive" their "passport faster than applying" directly through the Department of State.

28. To put it in simpler terms, Defendant charges hundreds of dollars to consumers for "expedited" services, but those services are no faster than applying through the Department of State and will not result in a consumer receiving their passport any sooner than applying directly.

29. Consumer reviews on Trustpilot.com confirm consumers' surprise and disappointment in Defendant's "Expedited" services:

> MI Michael
> US • 3 reviews
> 4 days ago
>
> ★ Redirected
>
> **"Rush My Passport" Commits Fraud**
>
> "Rush My Passport" commits fraud by implying they provide a FULL passport application service for their fee of $119. However, all they do is first collect the fee, then ask a few basic questions, then proceed to fill out the U.S. government Form DS-11 for you. Strongly implied is the subsequent expedited ID check at a local FedEx office. However, I showed up at my local FedEx office where they stated that they do not do that. FedEx then referred me to my local library to complete the required ID check, but when I arrived there, I was told that I would have to set up an appointment online and would have to pay all the standard fees to do that. But all their appointments were fully booked up for the foreseeable future, and both library workers remarked that "FedEx does this all the time." You have to set up a remote appointment and then go to the regular government designated ID service and pay their additional fees of $225 to the U.S. State Department plus the $35 fee to the ID facility. That $119 fee you paid to FedEx (which was actually to "Rush My Passport") does absolutely NOTHING except copying your answers to basic questions onto an easily understandable government form which asks the same basic questions. One definition of fraud is "an intentional deception to gain monetary compensation," which exactly describes the process I went through. A subsequent review of online "passport complaints" shows that "Rush My Passport" has been implicated by news organizations as committing deceptive advertisements and may have lost their previous AAA endorsement due to at least one public report. If you fall for this, do what I did: Fill out the government fraud report on IC3.GOV, contact a lawyer, and send reports of your experience to all the social media outlets you can find as well as to all the major news organizations.
>
> April 8, 2026 Unprompted review

**Rachel Schwartz** Mar 27, 2026
US • 1 review

**They are crooks!**

They are crooks!! Don't use this. There is absolutely no benefit to using this service and they trick you into thinking they will manage the process. They don't! You still have to do all of the steps to get your passport on your own. It doesn't save time and costs you money!!

When I realized this immediately after paying the fee, I requested a refund and they denied it.

February 16, 2026 Unprompted review



**David Ferretti** Updated Jan 26, 2026
US • 1 review

**ZERO stars**

ZERO stars - they took my $199 credit card payment immediately then no updates or anyone in support I could reach to determine the status / process. I ended up going to government office directly, paid the nominal expedite fee and got my passport in a few weeks WITHOUT any assistance from this crappy service. They now claim 'my passport service is completed' despite not doing anything - AVOID AT ALL COSTS!!! Just go to a government office with an appointment and you will get it done yourself! I requested a refund per their site and of course no one to call or talk to - how convenient for them!

NOTE: After posting this review they send the standard template 'oh we are sorry, please contact us to fix this' message - READ THE MESSAGE- I CALLED AND LEFT MESSAGES ON EMAIL AND VOICEMAIL AND NO ONE RETURNS THE MESSAGES!!

December 4, 2025 Unprompted review

**Noper** Mar 30, 2026
ID • 1 review

**misleading and fraudulent**

misleading and fraudulent. stay far away from this company. they WILL NOT expedite any service. goto government office and pay far less for same day service.

February 12, 2026 Unprompted review


CA Carrie
US • 1 review
Jan 22, 2026

This is a scam

This is a scam. It was falsely advertised for expedited service. Once I paid the $150 and downloaded the form, I was then instructed to make an appointment to have the paperwork filed. The $150 does not go towards any of the processing fees. You basically are paying them to fill out a form for you. I did not realize until after the form was downloaded that the website did not include all the information that was provided. There is no refund after the forms are downloaded. It is a lot cheaper to print the DS-11 form from the U.S Department of State website and fill the form out yourself. There is also a checklist you can print out for free.

January 22, 2026 | Unprompted review

30. Accordingly, Defendant's Expedited Passport and Outbound Shipping Representations are false and misleading.

31. Defendant's conduct thus deceived and/or was likely to deceive the public.

32. Plaintiff and Class members were deceived into believing they would receive their passport faster through RushMyPassport than if they applied through the Department of State. Plaintiff and Class members purchased the Services in reliance on the Expedited Passport Representations, reasonably believing the Services would result in them receiving their passport faster than if they applied through the Department of State. Plaintiff's and Class members' reasonable belief that the Services would allow them to receive their passport faster than if sought through the Department of State was a significant factor in their decisions to purchase the Services.

33. Plaintiff and Class members did not know, and had no reason to know, that the Expedited Passport Representations were false because of how the Services are deceptively marketed and advertised to create the impression the Services would allow consumers to obtain their passport faster through Defendant than the Department of State.

34. Defendant knew that Plaintiff and Class members would rely on the Expedited Passport Representations and would therefore reasonably believe the Services would allow consumers to obtain their passport faster through Defendant than the Department of State.

35. Because the Services do not in fact allow consumers to receive their passport faster than they would through the Department of State, Defendant's uniform practices regarding the marketing and sale of the Services were and continue to be misleading and deceptive.

36. Similarly, Plaintiff and Class members were deceived into believing they were required to pay the Shipping Fee to Defendant for return of their passport, when in fact return mailing was already included in their payment of the Department of State's fees. Plaintiff and Class members paid the Shipping Fee in reliance on the Outbound Shipping Representation, reasonably believing they were required to pay the Shipping Fee for return of their passports. Plaintiff's and Class members' reasonable belief that the Shipping Fee was required for return of their passports was a significant factor in their decisions to pay the Shipping Fee.

37. Plaintiff and Class members did not know, and had no reason to know, that the Outbound Shipping Representation was false because of how the Shipping Fee was deceptively marketed and advertised to create the impression the Shipping Fee was required for the return of their passports.

38. Defendant knew that Plaintiff and Class members would rely on the Outbound Shipping Representation and would therefore reasonably believe the Shipping Fee was required for the return of their passports.

39. Because return mailing is already included in the fees assessed by the Department of State, Defendant's uniform practices regarding the marketing and sale of the Shipping Fee were and continue to be misleading and deceptive.

40. Each Class member has been exposed to the same or substantially similar deceptive practices, as the Services and Shipping Fee are all subject to the same limitations.

41. Consumers are willing to pay a price premium for expedited passport services. They are also induced to make purchases that they otherwise would not have, but for the belief that the Services would allow them to receive their passport faster than if they applied directly through the Department of State. Plaintiff and Class members would not have purchased the Services had they known the Services would not actually be faster than applying through the Department of State. Further, Plaintiff and Class members paid a price premium for the Services because of the Expedited Passport Representations. Therefore, Plaintiff and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Expedited Passport Representations.

42. Further, consumers were induced to pay a shipping fee that they otherwise would not have, but for the belief that the Shipping Fee was required for return of their passport. Plaintiff and Class members would not have paid the Shipping Fee had they known return mailing was included in the fees paid to the Department of State. Therefore, Plaintiff and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Outbound Shipping Representation.

## CLASS ALLEGATIONS

43. *Class Definition*: Plaintiff brings this action on behalf of all people who purchased the Services and paid the Shipping Fee in the state of New York within the applicable statute of limitations period.

44. The class definitions are a placeholder that may be altered or amended before final judgment. Fed. R. Civ. P. 23(c)(1)(C). Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment or in the motion for class certification, including through the use of subclasses.

45. Excluded from the putative classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family. Also excluded are any claims for personal injury.

46. *Numerosity.* Class members are so numerous that their individual joinder is impracticable. The classes include thousands of consumers. The precise number of class members and their identities are unknown to the Plaintiff at this time but may be determined through discovery.

47. *Commonality and Predominance*. Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to:

a. Whether the Expedited Passport and Outbound Shipping Representations have a tendency to deceive;

b. Whether the Expedited Passport and Outbound Shipping Representations are materially misleading;

c. Whether Plaintiff and Class members are entitled to damages;

d. Whether Plaintiff and Class members are entitled to statutory damages;

e. Whether Defendant's conduct, as alleged herein, violates the consumer protection laws asserted here; and

f. Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

48. *Typicality.* Plaintiff's claims are typical of the claims of class members because Plaintiff and Class members sustained damages as a result of Defendant's uniform wrongful conduct.

49. *Adequacy*. Plaintiff will fairly and adequately protect the interests of class members. Plaintiff retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff will vigorously prosecute this action on behalf of class members.

50. *Superiority*. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for class members; the class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

51. Without a class action, Defendant will likely retain the benefits of its wrongdoing.

## FIRST CAUSE OF ACTION
## Violation of New York General Business Law § 349

52. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

53. Plaintiff brings this cause of action individually and on behalf of the Class members.

54. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

55. In their sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

56. Plaintiff and Class members are consumers who purchased the Services and paid the Shipping Fee for their personal use.

57. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, as alleged above.

58. The foregoing deceptive acts and practices were directed at consumers.

59. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the Services and Shipping Fee to induce consumers to purchase the same.

60. By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

61. Defendant's actions are the direct, foreseeable, and proximate cause of the damages Plaintiff and Class members have sustained from having paid for the Services and Shipping Fee.

62. As a result of Defendant's violations, Plaintiff and Class members have suffered damages because: (a) they would not have purchased the Services or paid the Shipping Fee on the same terms if they knew about Defendant's misrepresentations; (b) they paid a price premium for the Services due to the misrepresentation; (c) they paid the Shipping Fee due to the misrepresentation; and (d) the Services and Shipping Fee do not have the characteristics, uses, benefits, or qualities as promised.

63. Plaintiff seeks all available relief under this cause of action.

**SECOND CAUSE OF ACTION**
**Violation of New York General Business Law § 350**

64. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

65. Plaintiff brings this cause of action individually and on behalf of the Class members.

66. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce or in the furnishing of any service.

67. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

68. Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

69. Defendant's false, misleading, and deceptive statements and representations of fact were and are directed toward consumers. Defendant also actively concealed and knowingly omitted material facts regarding the true nature of the Services and Shipping Fee.

70. Defendant's false, misleading, and deceptive statements and representations of fact and omissions were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

71. Defendant's false, misleading, and deceptive statements and representations of fact has resulted in consumer injury or harm to the public interest.

72. As a result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiff and class members have suffered and continue to suffer economic injury.

73. As a result of Defendant's violations, Plaintiff and Class members have suffered damages because: (a) they would not have purchased the Services or paid the Shipping Fee on the same terms if they knew about Defendant's misrepresentations; (b) they paid price premium for the Services due to the misrepresentation; (c) they paid the Shipping Fee due to the misrepresentation; and (d) the Services and Shipping Fee do not have the characteristics, uses, benefits, or qualities as promised.

74. Plaintiff seeks all available relief under this cause of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A. Certification of the proposed Class; appointment of Plaintiff as representatives of the Class; and appointment of undersigned counsel as counsel for the Class;

B. A declaration that Defendant's actions complained of herein violated the statutes referenced herein;

C. For an order finding in favor of Plaintiff and Class members on all counts asserted herein;

D. For actual, compensatory, statutory, nominal, and/or punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order awarding Plaintiff and Class members their reasonable attorney fees, expenses, and costs of suit.

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: July 14, 2026

**SMITH KRIVOSHEY, PC**

By: */s/ Brittany S. Scott*
Brittany S. Scott

Brittany S. Scott*
**SMITH KRIVOSHEY, PC**
28 Geary Str Ste. 650 No. 1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415
E-Mail: brittany@skclassactions.com

Inessa M. Huot
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
ihuot@faruqilaw.com

*Counsel for Plaintiff and the Class*

**Pro hac vice*